IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF NEW YORK

| MARCOS MAZZINI, | No. 9:16-cv-00359-JKS |
| Petitioner, | |
| vs. | MEMORANDUM DECISION |
| M. BRECKON, | |
| Respondent. | |

Marcos Mazzini, a federal prisoner proceeding *pro se*, filed a Petition for a Writ of Habeas Corpus with this Court pursuant to 28 U.S.C. § 2241. Mazzini is in the custody of the Federal Bureau of Prisons ("BOP") and incarcerated at the Federal Correctional Institution ("FCI") Ray Brook. In his Petition before this Court, Mazzini does not contest his judgment of conviction but rather challenges the constitutionality of a prison disciplinary hearing arising out of his receipt by mail of pornographic material. Respondent has answered, and Mazzini has not replied.

I. BACKGROUND/PRIOR PROCEEDINGS

On July 7, 2015, Mazzini was charged with a Code 296 violation for receiving mail through unauthorized means, in accordance with 28 C.F.R. § 541.5. The Incident Report stated:

> On 07-07-2015 at approximately 6:30 am, I was processing incoming mail, as I was inspecting a book addressed to Inmate Mazzini #11476-051, I found two pornographic dvd's hidden in the back cover of the book. The 2 dvd's [were] wrapped in carbon paper and were secreted in the back by separating the binding of the book and gluing it back together.

The Incident Report was issued to Mazzini by Lieutenant S. Gianelli that morning at 11:30 a.m. In accordance with 28 C.F.R. § 541.5(b), Lt. Gianelli read the officer's written statement of the Incident Report, reviewed photos of the contraband, and interviewed Mazzini. In the section

of the Incident Report labeled "Part III–Investigation," Lt. Gianelli noted that Mazzini stated, "Someone used my name to get this mail into the institution."  According to Lt. Gianelli's investigation, Mazzini displayed a poor attitude during the investigation. Lt. Gianelli concluded that the charge was warranted, based upon the report as written and the supporting documentation, and referred the Incident Report to the Unit Discipline Committee ("UDC") for review.

The UDC then conducted its review in accordance with 28 U.S.C. § 541.7.  The UDC dismissed Mazzini's denial of responsibility, noting that an individual sending concealed contraband would expect that the receiver would know where to look for it.  In accordance with 28 C.F.R. § 541.7(a)(3), the committee forwarded the incident report to the Discipline Hearing Officer ("DHO") for further action on the charge.

Unit Manager M. Rivera provided Mazzini notice of his hearing before the DHO.  He also advised Mazzini of his right to have a full-time staff member represent him at the DHO hearing, and Mazzini chose a teacher at FCI Ray Brook to be his staff representative.  Unit Manager Rivera also informed Mazzini of his conditional right to call witnesses for his DHO hearing.  Mazzini declined to identify any witnesses. Mazzini acknowledged both his selection of staff representative and his waiver of witnesses by signing a "Notice of Discipline Hearing Before the DHO" form.  Mazzini also acknowledged receipt of information about his rights by signing an "Inmate Rights at Disciplinary Hearing" form.

The DHO conducted Mazzini's disciplinary hearing on July 16, 2015.  The DHO reviewed Mazzini's due process rights with him at the hearing, and Mazzini stated that he understood his rights, presented his documentary evidence, and requested no witnesses.  The DHO summarized Mazzini's statement as follows:

Inmate Mazzini stated that he was ready to proceed. He requested a staff representative who was present. He requested no witnesses, and stated that he understood his rights before the DHO. He stated that he received a copy of the Incident Report. Inmate Mazzini stated that the incident report is not true as written. Mazzini stated that he did not have anything to do with trying to introduce anything into the institution. Most of the people writing me owe me money because I ran a store. I don't receive any mail. My parents live in another country and I e-mail my daughter. I have no connections. I don't know who this is from. I am doing 20 years because people have told on me.

Relying upon the reporting officer's written statement in Section 11 of the incident report, photos of the evidence showing that the package was addressed to Mazzini as well as photos showing how the contraband was hidden in the book, the DHO concluded that Mazzini had committed Use of Mail for Abuses Other Than Criminal Activity (Code 296A) and sanctioned him to a total of 27 days of loss of Good Conduct Time, 10 days' disciplinary segregation, 60 days of loss of commissary privileges, and 60 days of loss of e-mail privileges.

Mazzini challenged the outcome of his DHO hearing by Regional Administrative Remedy Appeal No. 831977-R2, arguing that there was insufficient evidence to support the DHO's adverse decision. The Regional Director denied the appeal, citing that "[t]he decision of the DHO was based upon the greater weight of the evidence." He then appealed the Regional Director's denial on substantially similar grounds. As of the filing of the instant Petition, Mazzini had not received a response to his Central Office appeal within the time frame alloted by BOP regulations and was therefore free to treat the absence of a timely response as a denial. *See* 28 C.F.R. § 542.18.

Mazzini then filed a *pro se* Petition for a Writ of Habeas Corpus to this Court on March 27, 2016.

## II. GROUNDS RAISED

In his *pro se* Petition before this Court, Mazzini challenges his prison disciplinary determination, arguing that his due process rights were violated because the hearing officer did not allow him to present all evidence in his defense and he is actually innocent of the infraction.

## III. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2241, federal prisoners who are "in custody in violation of the Constitution or laws or treaties of the United States," may seek habeas corpus review. 28 U.S.C. § 2241(c)(3). Relief under § 2241 is available to a federal prisoner who challenges the manner in which a sentence is implemented, as opposed to challenging the underlying legality of the conviction. *Carmona v. U.S. Bureau of Prisons,* 243 F.3d 629, 632 (2d Cir. 2001) (citing *Chambers v. United States*, 106 F.3d 472, 474-75 (2d Cir. 1997)). As the Second Circuit has explained:

> Section 2241 . . . is the proper means to challenge the execution of a sentence. In a § 2241 petition a prisoner may seek relief from such things as, for example, the administration of his parole, computation of his sentence by parole officials, disciplinary actions taken against him, the type of detention, and prison conditions in the facility where he is incarcerated.

*Adams v. United States*, 372 F.3d 132, 135 (2d Cir. 2004); *see also Carmona*, 243 F.3d at 632; *Chambers*, 106 F.3d at 474-75.

Mazzini has not replied to Respondent's answer. The relevant statute provides that "[t]he allegations of a return to the writ of habeas corpus or of an answer to an order to show cause in a habeas corpus proceeding, if not traversed, shall be accepted as true except to the extent that the judge finds from the evidence that they are not true." 28 U.S.C. § 2248; *see also Carlson v. Landon*, 342 U.S. 524, 530 (1952). Where, as here, there is no traverse filed and no evidence offered to

contradict the allegations of the return, the court must accept those allegations as true. *United States ex rel. Catalano v. Shaughnessy*, 197 F.2d 65, 66-67 (2d Cir. 1952) (per curiam).

IV. DISCUSSION

A.     Procedural Due Process

The Fourteenth Amendment to the Constitution provides that "[n]o State shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV, § 1. "Although prison inmates necessarily have their liberty severely curtailed while incarcerated, they are nevertheless entitled to certain procedural protections when disciplinary actions subject them to further liberty deprivations such as loss of good-time credit or special confinement that imposes an atypical hardship."[1] *Sira v. Morton*, 380 F.3d 57, 69 (2d Cir. 2004) (citations omitted).

To succeed under a procedural due process claim based on the loss of good time credits or SHU confinement, the petitioner must establish that: (1) he was not provided a written notice of the disciplinary charges at least twenty-four hours in advance of the hearing; (2) a nonneutral hearing

---

[1] As a threshold matter, an inmate asserting a violation of his right to due process must first establish that he had a protected liberty interest in remaining free from the confinement that he challenges and, if so, that Respondent deprived the petitioner of that liberty interest without due process. *See Giano v. Selsky*, 238 F.3d 223, 225 (2d Cir. 2001); *Bedoya v. Coughlin*, 91 F.3d 349, 351 (2d Cir. 1996). "[A] prisoner has a liberty interest that is implicated by SHU confinement if it 'imposes [an] atypical and significant hardship in relation to the ordinary incidents of prison life.'" *J.S. v. T'Kach*, 714 F.3d 99, 106 (2d Cir. 2013) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). It is not clear, however, that the 10-day period of SHU confinement imposed upon Mazzini is also sufficient to implicate a liberty interest. *See Palmer v. Richards*, 364 F.3d 60, 65 (2d Cir. 2004) (finding that disciplinary segregation lasting more than 305 days implicates a protected liberty interest even if served under "normal" SHU conditions because a term of that length is a "sufficient departure from the ordinary incidents of prison life" (quoting *Colon v. Howard*, 215 F.3d 227, 231 (2d Cir. 2000)). However, the Court need not decide that issue because it is well-settled that a prisoner charged with violating a prison regulation which could result in the loss of good time credit is entitled to minimal due process protections. *Wolff v. McDonnell*, 418 U.S. 539, 563-65 (1974); *Preiser v. Rodriguez*, 411 U.S. 475, 482, 487-88 (1973).

body conducted the hearing; (3) he was not afforded the opportunity to present evidence and call witnesses; (4) he was not granted assistance to understand and prepare his defense; or that (5) the factfinder failed to provide a written statement of the evidence relied upon in making his decision and the reasons for the decision. *See Wolff*, 418 U.S. at 563-67. In his Petition before this Court, Mazzini alleges that his procedural due process rights were violated under the third element described above (right to present a case).

An "inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." *Wolff*, 418 U.S. at 566. However, "a hearing officer does not violate due process by excluding irrelevant or unnecessary" evidence. *Kalwasinski v. Morse*, 201 F.3d 103, 109 (2d. Cir. 1999); *see also Amaker v. Coombe*, No. 96 Civ. 1622, 2002 WL 523388, *10 (S.D.N.Y. 2002) ("[A]n inmate's right to present documentary evidence in his defense does not entail an obligation on the part of prison officials to retrieve every document that an inmate requests for his case[,] [e]ven when documents are relevant and obtainable.").

In his Petition, Mazzini states that he "requested review of all my past inmate phone conversations and e-mails" to "introduce evidence to the hearing officer of having no contacts in the State of New Jersey of the book store." In this case, the return address of the prohibited package read "Barnes and Noble," but the book and contraband were clearly not a legitimate mailing from a Barnes and Noble bookstore. It was therefore irrelevant whether Mazzini could establish that he had no contacts with that bookstore, and his due process rights were not violated when his request was denied.

6

B.     Substantive Due Process

Mazzini additionally contends that he is actually innocent of the charge, which the Court construes as a claim that there is insufficient evidence to support the hearing officer's adverse determination. Where a prisoner claims he was denied due process in a prison disciplinary hearing because he was found guilty based on insufficient evidence, the claim must be rejected if there was "some evidence" to support the decision. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985). In *Hill*, the Supreme Court stated that:

> [a]scertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.

*Id.* at 455-56; *see also Flanagan v. Tamez*, 368 F. App'x 586, 587-88 (5th Cir. 2010) (no "de novo review of the disciplinary board's factual finding is required," but courts "must consider 'whether any evidence at all supports the action taken by the prison officials'" (internal quotation marks and citation omitted)); *Johnson v. Goord*, 305 F. App'x 815, 818 (2d Cir. 2009) (stating that the "some evidence" standard is "extremely tolerant and is satisfied if there is *any* evidence in the record that supports the disciplinary ruling" (citation omitted)).

The issue of whether "some evidence" supports Mazzini's adverse determination is a closer question than Ground 1, but is ultimately not one that is resolved in his favor. Importantly, there are no facts which undermine the logical conclusion that Mazzini was responsible for procuring the mailing of the contraband material. It is worth noting that, on these facts, adopting Mazzini's position would mean that, in all prison settings, the discovery of contraband in an inmate's received mail would be insufficient to support the imposition of discipline consistent with due process. Such rule would significantly impair the ability of corrections officials to deter prisoners from having such

7

contraband mailed to them. *Cf. Quintanilla v. O'Brien*, 127 F. App'x 887, 889 (7th Cir. 2005) (rejecting assumption that all prisoners have equal access to unlocked cells because such rule would render discipline too difficult in all prisons that "do not operate on continuous lockdown"). In sum, "some evidence" supports the conclusion that Mazzini was responsible for procuring the mailing of the contraband material, and he has not established a violation of substantive due process either.

## V. CONCLUSION

Mazzini is not entitled to relief on any ground raised in his Petition.

**IT IS THEREFORE ORDERED THAT** the Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus is **DENIED**.

**IT IS FURTHER ORDERED THAT** the Court grants a Certificate of Appealability solely with respect to whether there was some evidence that Mazzini was knowingly involved in the shipment of contraband material (Ground 2). 28 U.S.C. § 2253(c); *Banks v. Dretke,* 540 U.S. 668, 705 (2004) ("To obtain a certificate of appealability, a prisoner must 'demonstrat[e] that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" (quoting *Miller-El*, 537 U.S. at 327)). Any further request for a Certificate of Appealability must be addressed to the Court of Appeals. *See* FED. R. APP. P. 22(b); 2D CIR. R. 22.1.

The Clerk of the Court is to enter judgment accordingly.

Dated: October 31, 2017.

/s/ James K. Singleton, Jr.
JAMES K. SINGLETON, JR.
Senior United States District Judge
